NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHRISTA MAY, *Plaintiff/Appellant*,

*v.*

MIKAELA PRIDDY, *Defendant/Appellee*.

No. 1 CA-CV 21-0674
FILED 10-20-2022

Appeal from the Superior Court in Mohave County
No. S8015CV202100967
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Christa May, Kingman
*Plaintiff/Appellant*

Mikaela Priddy, Puyallup Washington
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1**        Christa May contests the ownership of a dog Mikaela Priddy took with her to Washington state. The superior court denied jurisdiction and dismissed the case. May appeals. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Priddy lived in May's home until Priddy moved to Washington state in September 2021. Upon moving, Priddy took a dog that lived with them in the shared home. May claims she attempted to stop Priddy from taking the dog by suing in justice court, but justice court staff directed her to superior court because the dispute was over ownership and not money damages. May then filed suit in the superior court, which dismissed her complaint for lack of jurisdiction. The court reasoned that it does not have jurisdiction over claims valued less than $10,000 and May needed to pursue her claim in justice or municipal court. May claims she presented the superior court's order to the justice court, but apparently court staff again denied the availability of justice court jurisdiction. May appealed and we have jurisdiction. A.R.S. 12-2101(A)(3).

## DISCUSSION

**¶3**        May challenges the superior court's dismissal of her complaint for lack of jurisdiction. We review the issue *de novo. Mitchell v. Gamble*, 207 Ariz. 364, 367, ¶ 6 (App. 2004).

**¶4**        The superior court reads May's complaint as a request for damages. But the complaint is better interpreted as a conversion action with a request for declaratory judgment. "Conversion is the 'act of wrongful dominion or control over personal property in denial of or inconsistent with the rights of another.'" *Koss Corp. v. Am. Exp. Co.*, 233 Ariz. 74, 90, ¶ 52 (App. 2013) (citations omitted). A dog is personal property in Arizona.

**¶5**        Here, May claims that Priddy took the dog and fled the state. If May is the rightful owner of the dog, then Priddy's conduct would

amount to an "act of wrongful dominion or control over personal property." *See id.* And May essentially asked the superior court to declare her the rightful owner.

¶6        The Declaratory Judgments Act gives courts of record (including the superior court) the "power to declare rights, status, and other legal relations." A.R.S. § 12-1831. While limited jurisdiction courts—like a small claims court—have jurisdiction over damages claims regarding property like a pet, they are unable to grant declaratory relief. But we are not convinced that declaratory relief is available in a conversion action. *See* Restatement (Second) of Torts § 927.

¶7        The superior court did not dismiss the case because the requested relief—declaratory judgment—was unavailable. Rather, the court determined it lacked jurisdiction because $10,000 is "the minimum amount to be contested in the Superior Court." This is incorrect. The Arizona Constitution gives the superior court original jurisdiction over property disputes of $1,000 or more unless jurisdiction is vested in another court by law. Ariz. Const. art. 6, § 14(1), (3). And superior courts have concurrent jurisdiction with justices of the peace when the amount at issue is $10,000 or less. A.R.S. § 22-201(B). So a claim involving personal property valued between $1,000 and $10,000 may be brought in either court.

¶8        May did not claim any dollar value for the dog. The only indication in the record of the value of the property at issue is in the Answer, filed in superior court. There Priddy alleged she paid $200 "to be able to get" the dog. In short, while incorrect in its articulation of its ruling, the superior court was correct in determining it lacks jurisdiction because May failed to allege that at least $1,000 was at issue in her case.

**CONCLUSION**

¶9        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

3